**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.     CASE NO. 3:14-cr-21-J-32PDB

MICHAEL HOLMES

## O R D E R

This case is before the Court on the United States' Motion to Amend Superseding Indictment to Correct Scrivener's Error (Doc. 129) filed on November 8, 2017. Defendant takes no position on the motion. (Doc. 131).

Following the sentencing hearing held October 31, 2017, but before entry of judgment, the Court discovered an error in the date in Count I of the Superseding Indictment. The Superseding Indictment (Doc. 17) alleges three Counts against Defendant, all occurring on December 29 in Duval County, Florida. However, Count I incorrectly lists the year as 2012, whereas Counts II and III correctly list the year as 2013. (Doc. 17).[1] Subsequent to the return of the Superseding Indictment, the Court conducted a bench trial at which the Government and Defendant stipulated to the facts underlying the Superseding Indictment (Doc. 93), and the Court approved the Stipulation and adjudicated Defendant guilty on all three Counts. (Doc. 94). The Stipulation (Doc. 93) correctly stated that the charged criminal conduct occurred on December 29, <u>2013</u>. All other case events and the PSR used the correct date.

---

[1] The original indictment contained the correct date in Count I. (Doc. 1).

"[A]n indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." Russell v. United States, 369 U.S. 749, 770 (1962). An amendment that does not mislead, further burden, or otherwise prejudice a defendant should be considered one of form and not of substance. United States v. Reese, 611 F. App'x 961, 968 (11th Cir.) (quoting Williams v. United States, 179 F.2d 656, 659 (5th Cir. 1950)).[2] A defendant must show substantial prejudice to obtain reversal of an amendment to an indictment based on a scrivener's error. United States v. Baldwin, 774 F.3d 711, 724 (11th Cir. 2014) (holding that a scrivener's error, unnoticed until given to the jury, was an amendment in form and thus allowable).

Here, amending the Superseding Indictment to reflect the correct year in Count I is an allowable amendment in form. See Russell, 369 U.S. at 770; Baldwin, 774 F.3d at 724. The Government contends that the error was a scrivener's error. (Docs. 129, 131). Defendant was not misled, burdened, or prejudiced because he stipulated to the facts describing the criminal conduct that occurred on December 29, 2013 (Doc. 93), and he lodges no objection to the Government's request (Doc. 131). See Reese, 611 F. App'x at 968. Further, Defendant is not substantially prejudiced by the amendment to the Superseding Indictment—the Government, Defendant, and the Court all knew that the correct date for the alleged criminal conduct was December 29, 2013. See Baldwin, 774 F.3d at 724; (Docs. 93, 94, 131).

Accordingly, it is hereby

**ORDERED:**

---

[2] In Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

1. The United States' Motion to Amend Superseding Indictment to Correct Scrivener's Error (Doc. 129) is **GRANTED**.

2. The Clerk will permit the Government to substitute an amended Superseding Indictment (Doc. 17) so that Count I reflects the date "December 29, 2013."

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of November, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies:

Michael Coolican, AUSA
Rosemary Cakmis, Assistant Public Defender
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant